# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEANDER WILLIAMS,** | CIVIL ACTION |
| *Petitioner,* | |
| v. | No. 18-1744 |
| **MARK CAPOZZA, <u>ET</u> <u>AL.</u>,** | |
| *Respondents.* | |

## ORDER

**AND NOW**, this 25th day of July, 2019, upon careful and independent consideration of the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. No. 1), and after review of the Report and Recommendation of United States Magistrate Judge Timothy R. Rice ("R&R") (Doc. No. 17), and Petitioner's Objections thereto (Doc. No. 20), I find as follows:

1. In 2009, Petitioner, Leander Williams, was convicted of, among other things, first-degree murder.[1] Petitioner's conviction was affirmed on direct appeal by the Pennsylvania Superior Court, and the Pennsylvania Supreme Court denied direct review in 2013. (See R&R 3.)

2. In 2014, Petitioner filed a petition for state collateral review under the Pennsylvania Post-Conviction Relief Act ("PCRA"). The PCRA court dismissed the petition. In 2017, the Pennsylvania Superior Court affirmed the dismissal of the petition, and the Pennsylvania Supreme Court denied review. (See R&R 3.)

---

[1] The complete factual and procedural background of this matter is not recounted here, as it is fully set out in Judge Rice's Report and Recommendation. (See R&R 1–3.)

3. Thereafter, Petitioner initiated these federal habeas proceedings, *pro se,* raising five claims that his trial counsel and/or appellate counsel were ineffective. (See R&R 4–14.)

4. In his R&R, Judge Rice concluded that each of these five claims was procedurally defaulted and/or failed on the merits. (See R&R 4–14.)

5. Following the issuance of the R&R, Petitioner filed a document styled "Objections to Magistrate's Report and Recommendation." (Doc. No. 20.) However, in these Objections, Petitioner does not challenge any of Judge Rice's conclusions as set out in the R&R. Rather, Petitioner objects that, one week before issuing the R&R, Judge Rice denied his motion for an extension of time to file a reply in further support of his Petition.[2]

6. Because Petitioner has filed no objections the substantive conclusions set out in the R&R, I will not re-address the merits of his claims, apart from noting that Judge Rice addressed the pertinent issues thoroughly and correctly. See Goney v. Clark, 749 F.2d 5, 6 (3d Cir. 1984) (holding that *de novo* review by a district court is not required where no specific objection to the report and recommendation is made).

**WHEREFORE**, it is hereby **ORDERED** that:

- Petitioner's Objections (Doc. No. 20) are **OVERRULED**.

- The Report and Recommendation (Doc. No. 17) is **APPROVED** and **ADOPTED**.

- The Petition for a Writ of Habeas Corpus (Doc. No. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

- No certificate of appealability shall issue under 28 U.S.C. § 2253(c)(1)(A) because Petitioner "has [not] made a substantial showing of the denial of a constitutional

---

[2] This decision was committed to Judge Rice's sound discretion, and I discern no error in it. See Rule 5(e), Rules Governing Section 2254 Cases ("The petitioner may submit a reply to the respondent's answer *within a time fixed by the judge.*" (emphasis added)). And in any event, Petitioner has suffered no prejudice from that decision, as he had an opportunity to file substantive objections to the R&R and did not do so.

right" under 28 U.S.C. § 2253(c)(2), since Petitioner has not demonstrated that reasonable jurists would find this Court's assessment of Petitioner's claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

- The Clerk of Court shall **CLOSE** this case.

        **BY THE COURT:**

        */s/ Mitchell S. Goldberg*
        _____
        **MITCHELL S. GOLDBERG, J.**